IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS HOLDEN WINGROVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 22-1349 |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 28th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1]   Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff has raised two primary arguments as to why he believes the Administrative Law Judge ("ALJ") erred in finding that he is not disabled.  First, he contends that the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence, in large part because she improperly considered the medical opinion evidence.  Second, he asserts that the ALJ's credibility determination is not supported by substantial evidence.  The Court disagrees on both counts and finds that substantial evidence supports the ALJ's decision.

In arguing that the ALJ's RFC determinations lack sufficient record support, Plaintiff notes that the ALJ based these finding largely on the opinions of state agency medical consultants Stephanie Prosperi, M.D. (R. 85-89), and John Gerome Bertolino, M.D. (R. 101-05), and asserts that such reliance was inconsistent with the Social Security Administration's regulations and the record evidence.  He argues first that, pursuant to 20 C.F.R. § 404.1520b(c)(2), "[f]indings made by a State agency disability examiner made at a previous level of adjudication about a medical issue" – which is how he defines the opinions of Drs. Prosperi and Bertolino – are classified as evidence that is "inherently neither valuable nor persuasive," and that the ALJ was thus wrong to have relied on them.  (Doc. No. 14, p.3).  He contends that, in any event, because the state agency medical consultants did not have access to later evidence, their opinions are stale, as that evidence showed a worsening of his condition. The Court finds no merit in either position.

Plaintiff is correct, of course, that for cases such as this one, filed on or after March 27, 2017, the amended regulations, including 20 C.F.R. §§ 404.1520b and 404.1520c, apply to an ALJ's consideration of medical opinion evidence.  He is incorrect, however, that the new amendments invalidate the opinions of state agency medical consultants.  Section 404.1520b(c)(2), to which Plaintiff cites, applies to findings made by "a State agency disability examiner" and does, in fact, characterize such findings as inherently neither valuable nor persuasive.  However, "[s]tate agency medical and psychological consultants are different from state agency disability examiners." *Rodney L. B. v. Kijakazi*, No. CV 21-1162-JWL, 2022 WL 4465072, at *8 (D. Kan. Sept. 26, 2022); 20 C.F.R. § 404.1615.  As the court explained in *Rodney L. B.*, a disability examiner may make a disability decision without consulting with a medical or psychological consultant only under certain circumstances.  State agency medical or psychological consultants, on the other hand, make findings known as "prior administrative medical findings," *i.e.* findings regarding the existence and severity of impairments or symptoms, whether the claimant's impairments meet or medically equal a listing, the claimant's RFC, whether the duration requirement is met, and how failure to follow prescribed treatment or drug addiction and alcoholism relate to the claim.  2022 WL 4465072, at *8; 20 C.F.R. § 404.1513(a)(5). Such prior administrative medical findings are akin to medical opinions, and ALJs not only can but must evaluate them as such.  *See* 20 C.F.R. § 404.1520c.  There is no question here that Drs. Prosperi and Bertolino were functioning as state agency medical consultants (which is how the ALJ identified them) and that the findings that the ALJ found persuasive constituted prior

administrative medical findings. There was nothing improper *per se*, therefore, with the ALJ finding those opinions to be persuasive.

This is consistent with probably the most notable change brought on by the 2017 amendments – the elimination of the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c). Therefore, the fact that the state agency consultants did not treat or examine Plaintiff does not invalidate their opinions and does not necessarily pertain to the "two most important factors" of consistency and supportability. Indeed, the Court notes that even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005); *Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005).

While there is nothing inherently improper in finding a state agency medical consultant's opinion to be persuasive, that finding must still, of course, be grounded in substantial evidence. Plaintiff argues that is not the case here because the opinions of the state agency medical consultants are inconsistent with and not supported by evidence from after the time they reviewed the record. It is well established that the fact that the opinion of a state agency medical consultant or consultative examiner was rendered before other evidence became available does not mean the ALJ was prohibited from finding it to be persuasive. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). That said, it is also true that where there is a substantial amount of new evidence between the date on which an opinion upon which an ALJ relies and the date on which the ALJ renders his or her decision, remand may be warranted. *See id.*; *Cadillac v. Barnhart*, 84 Fed. Appx. 163, 168-69 (3d Cir. 2003); *Grimes v. Colvin*, Civ. No. 15-133E, 2016 WL 246963, at *2 (W.D. Pa. Jan. 21, 2016). Although Plaintiff believes that to be the case here, the Court finds the ALJ's finding to the contrary to have adequate record support.

Dr. Prosperi's opinion was issued on February 11, 2020, and Dr. Bertolino's on August 18, 2020. They had evidence, then, from well after Plaintiff's June 5, 2019 back surgery, but not from later events set forth in the record. The ALJ, though, did have access to the entire record in rendering her decision, including evidence from after the consultants reviewed the record. Indeed, she discussed this evidence at great length, beginning with the April 2017 car accident that was the catalyst for the events here and continuing through Plaintiff's treatment after a second reported car accident in 2021. She outlined the evidence after the first accident up to the point of Plaintiff's June 5 back surgery. She discussed the surgery itself and Plaintiff's significant improvement following the surgery. She also acknowledged that, some time

3

afterward, Plaintiff began to complain of worsening back pain on his left side, fatigue, and numbness, but pointed out that the objective medical findings showed little by way of deficits in functioning during this period. She addressed Plaintiff's second car accident and specifically noted that several of his clinical findings of limited mobility and strength were from shortly after that event. She also noted that an MRI taken after that second accident continued to show only mild issues. (R. 21-23). The ALJ considered all of this in assessing the medical opinions, all but one of which were from before the second car accident.

The Court finds the ALJ's characterization of the evidence to be fair. As the ALJ acknowledged, Plaintiff had some complaints of worsening symptoms some months after his surgery, but these complaints were somewhat vague, and as the ALJ found, the objective medical evidence showed little change. As for the 2021 car accident, the Court notes that it would seem strange for Plaintiff to characterize this as some kind of major change that would invalidate the earlier opinions considering he did not even mention the second accident at the administrative hearing in this matter. In fact, it is mentioned largely in passing in the medical records, and any records there might be pertaining to treatment Plaintiff received as a result of the accident are not included in the record. Moreover, as discussed above, medical imagining evidence from after that accident does not support the claim that this event substantially changed Plaintiff's condition.

Plaintiff conversely argues that the ALJ improperly rejected the opinions offered by his treating medical professionals, specifically the December 6, 2019 opinion of Mark Kerestan, PT, PA-C, CEAS (R. 638-39), the January 8, 2020 opinion of Frank Artuso, M.D. (R. 774-75), and the April 2, 2021 opinion of Jon Luker, C.R.N.P. (R. 992-93). However, the ALJ discussed each of these opinions at length and cited to specific record evidence to support her evaluation. (R. 23-27). Plaintiff naturally believes that the evidence leads to a different conclusion, but if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, the evidence was sufficient to support the ALJ's findings. The Court also notes that the opinions of Mr. Kerestan and Dr. Artuso were offered prior to the state agency medical consultants' opinions. In addition, in regard to NP Luker's opinion, the ALJ noted and relied upon the fact that he merely completed a check-box form, which the Third Circuit Court of Appeals has characterized as being of limited probative value. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.").

Plaintiff also takes issue with the ALJ's statement that the post operation restrictions imposed by his surgeon, Kevin Walsh, M.D., after his June 2019 surgery were temporary in nature. He labels this statement as a speculative inference and argues that nothing shows that Dr. Walsh's restrictions were not meant to be permanent. However, a review of those restrictions

tells a different story. First, the instructions were specifically labeled as "only a brief guide for your recovery period until you return for your six week post-operative appointment." (R. 532). Moreover, several of the instructions, including those for lifting, driving, and sitting/changing position, had stated end points of either a specific duration or until Plaintiff's follow-up appointment. (R. 532-34). These restrictions were not discussed at Plaintiff's post operation follow-up visit on July 25, 2019, and in fact, Dr. Walsh instead indicated that Plaintiff "has done very well since his surgery and reports complete resolution of his pre operative complaints." (R. 491). The ALJ did not speculate, therefore, about whether Dr. Walsh's post operation instructions were temporary in nature, but rather relied on a plain and logical reading of the language itself. In any event, the ALJ considered these temporary restrictions in light of the record as a whole in finding them unpersuasive. (R. 24).

Plaintiff's second major argument is that substantial evidence does not support the ALJ's credibility determination. The Court first notes that although an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining SSR 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character"). The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now.

Plaintiff's main contention is that the ALJ improperly considered his ability to engage in activities of daily living, claiming that the ALJ relied on his ability to engage in "sporadic and transitory activities" as evidence of an ability to engage in work-related activity. (Doc. No. 14, p. 13-14). Similar claims arise in a number of social security disability cases and raise a similar dilemma. There is, of course, nothing inappropriate with an ALJ considering a claimant's activities of daily living in evaluating the severity of the claimant's symptoms and limitations. In fact, ALJs are required to do so. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). However, as Plaintiff points out, in performing this analysis, an ALJ cannot use evidence of sporadic and transitory activities to demonstrate an ability to engage continuously in substantial gainful activity. *See Fargnoli v. Astrue*, 247 F.3d 34, 40 n.5 (3d Cir. 2001). The question here, as in many cases, is whether the ALJ's proper consideration of Plaintiff's daily activities veered into an improper reliance on sporadic and transitory activities. Here, it did not.

The activities at issue do not appear to be sporadic in nature, but rather involve the performance of daily tasks requiring a certain amount of physical exertion, such as cooking, cleaning, and caring for children on a regular basis. (R. 21). While these activities may not alone support a finding of non-disability, it is important to note that the ALJ did not rely solely on any one factor in evaluating Plaintiff's testimony. As discussed above, she also extensively discussed the objective medical evidence, such as medical imagining date and clinical findings, in considering Plaintiff's testimony. It is also important to remember that, while a claimant's testimony regarding his or her subjective complaints is certainly relevant, an ALJ is not under an obligation to

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record

---

simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler*, 667 F.3d at 363.  Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))).

In making her decision here the ALJ relied on the objective medical evidence, Plaintiff's testimony and statements, and the medical opinion evidence.  All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high," *Biestek*, 139 S. Ct. at 1154.  Accordingly, for the reasons set forth herein, the Court affirms.